**LAW OFFICE OF PETER C. PEREZ**
Suite 802, DNA Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone No. (671) 475-5055/7
Facsimile No. (671) 477-5445

**LAW OFFICE OF EDWARD C. HAN**
Suite 802, DNA Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone No. (671) 475-5055/7
Facsimile No. (671) 477-5445

*Attorneys for Plaintiffs*

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SUNG MIN OH and EUN HEE PARK<br><br>Plaintiffs,<br><br>vs.<br><br>ONWARD BEACH RESORT GUAM, INC., ONWARD DEFENDANTS, INSURANCE DEFENDANTS DOES 1-5, and DOES 6-20,<br><br>Defendants. | CIVIL CASE NO. 20-00016<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, by and through their attorneys, for their claims against the Defendants, jointly and severally, plead and allege as follows:

## **JURISDICTION**

1. Jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy exclusive of interest and costs exceeds $75,000.00 and this action involves Plaintiffs who are citizens or subjects of the Republic of Korea and Defendants who are citizens of Guam. The Plaintiffs' damages include general damages, economic

damages, and physical, mental and emotional pain and suffering damages in excess of $1,000,000.00 (ONE MILLION DOLLARS) per Plaintiff, per injury.

**PARTIES**

1. Plaintiff SUNG MIN OH is a citizen and resident of the Republic of Korea.

2. Plaintiff EUN HEE PARK is a citizen and resident of the Republic of Korea.

3. At all relevant times herein, Plaintiffs have been and now are husband and wife.

4. Upon information and belief, at all relevant times herein, defendant ONWARD BEACH RESORT GUAM, INC. is a corporation or business entity operating in Guam and/or is a parent, affiliate, subsidiary, principal, employer, partner, joint-venturer, or other related entity doing business as or operating directly or indirectly the businesses and premises known as ONWARD BEACH RESORT GUAM, INC., the ONWARD BEACH RESORT GUAM, the ONWARD WATER PARK, and/or the ONWARD HOTEL, with an address including 445 Governor Carlos Camacho Road, Tamuning, Guam. This entity, or these entities, are hereinafter referred to individually as an "ONWARD DEFENDANT" and collectively as the "ONWARD DEFENDANTS" and this premises, or these premises, are hereinafter referred to as the "ONWARD PREMISES." Plaintiffs assert that the ONWARD DEFENDANTS are jointly and severally liable to the Plaintiffs, including individually, collectively, directly, indirectly and/or vicariously.

5. DOE Defendants 1-5 are insurance companies authorized to do business on Guam that had issued policies of insurance to the ONWARD DEFENDANTS which were in full force and effect at all times pertinent herein, specifically including but not limited to April 22, 2018. These insurance companies are hereinafter referred to as the "INSURANCE DEFENDANTS DOES 1-5" and Plaintiffs assert that they possess rights of direct action against said INSURANCE DEFENDANTS DOES 1-5 and by this Complaint Plaintiffs

hereby assert their right of direct action against said INSURANCE DEFENDANTS DOES 1-5.

6. Plaintiffs are currently unaware of the true names, capacities, and identities of DOE Defendants 6-20, and therefore, sue these Defendants by such fictitious names and specifically reserve the right to amend this Complaint to show their true names and capacities when more fully ascertained. DOE Defendants 6-20 are liable to in some manner in whole or in part for damages to Plaintiffs.

## **GENERAL ALLEGATIONS**

7. At all relevant times herein, including April 22, 2018, the ONWARD DEFENDANTS owned, operated, managed, and/or maintained, both individually and/or collectively, and/or through their agents, servants, and/or employees, the ONWARD PREMISES.

8. On said date and at that place, the Plaintiffs were hotel guests at the ONWARD PREMISES, visiting the ONWARD WATER PARK, and were lawfully on the ONWARD PREMISES.

9. On said date and at that place the ONWARD DEFENDANTS individually and/or collectively, and/or by their agents, servants and/or employees maintained the the ONWARD PREMISES in such a manner where areas in front of and around the ONWARD WATER PARK bathrooms were wet, slippery, unsafe, and/or hazardous.

10. On said date and at that place, as Plaintiff SUNG MIN OH was walking in that area he slipped and fell on the ground sustaining severe and permanent injuries.

11. On said date and at said place, the ONWARD DEFENDANTS, individually and/or collectively, and/or by and through its agents, servants and/or employees, had a duty to maintain the ONWARD PREMISES in a reasonably safe condition

for persons lawfully on said premises, to include Plaintiffs herein.

12. On said date and at said place, the ONWARD DEFENDANTS, individually and/or collectively, and/or by and through their agents, servants and/or employees, disregarded their duties and failed to properly operate, manage or maintain the ONWARD PREMISES, resulting in conditions that were dangerously slippery and unsafe for use, and as a result of the dangerous conditions, Plaintiff SUNG MIN OH slipped and fell.

13. On said date and at said place, the ONWARD DEFENDANTS individually and/or collectively, and/or by and through their agents, servants and/or employees, breached their duties of reasonable care including *inter alia:*

   a. By improperly operating, managing, maintaining, and controlling the ONWARD PREMISES;

   b. By failing to maintain the ONWARD PREMISES in a safe condition;

   c. By failing to provide slip guards, slip resistant surfaces, or other anti-slip measures and/or protections at the ONWARD PREMISES;

   d. By failing to warn Plaintiffs of the dangerous conditions when they knew or should have known that such warnings were necessary to prevent injury to Plaintiffs;

   e. By failing to make reasonable inspections of the ONWARD PREMISES when they knew or should have known that said inspections were necessary to prevent injury to Plaintiffs;

   f. By allowing the ONWARD PREMISES to remain in a dangerously wet, slippery, unsafe, and/or hazardous condition;

   g. By causing, creating, allowing to remain, and/or failing to

remediate an unnatural accumulation of water or other slippery substance or condition in the walkways of the ONWARD PREMISES;

  h. By failing to protect Plaintiffs from foreseeable harms;

  i. By failing to exercise due care with respect to the matters alleged in this Complaint; and/or,

  j. By otherwise acting negligently with respect to the ONWARD PREMISES.

14. As a direct and proximate result of the negligent acts and omissions of the ONWARD DEFENDANTS, Plaintiffs sustained severe and permanent physical, mental and/or emotional injuries.

15. As a direct and proximate result of the negligent acts and omissions of the ONWARD DEFENDANTS, Plaintiffs incurred and continue to incur past, present, and future physical, mental and/or emotional pain and suffering damages.

16. As a direct and proximate result of the negligent acts and omissions of the ONWARD DEFENDANTS, Plaintiffs incurred and continue to incur past, present, and future economic damages.

## **COUNT 1: NEGLIGENCE**

17. Plaintiffs incorporate by this reference all allegations contained in paragraphs 1 though 16 as though set forth fully here.

18. The Defendants are liable to the Plaintiffs for the Defendants' negligence.

19. At all relevant times herein, the Defendants breached their duties to Plaintiffs.

20. As a direct and proximate result the Defendants caused injuries and harm to Plaintiffs resulting in damages to Plaintiffs in amounts subject to proof at trial.

## COUNT 2: RES IPSA LOQUITUR

21. Plaintiffs incorporate by this reference all allegations contained in paragraphs 1 though 20, as though fully set forth here.

22. At all times relevant to this Complaint, the ONWARD PREMISES was in the exclusive control, direction, management, and maintenance of the ONWARD DEFENDANTS.

23. Plaintiffs exercised no control over the ONWARD PREMISES.

24. Plaintiff SUNG MIN OH's slip and fall at the ONWARD PREMISES would not have occurred in the ordinary course of events absent Defendants' negligent failure to use proper care in the direction, control, operation, management, and maintenance of the ONWARD PREMISES.

25. As a direct and proximate result of Defendants' failure to exercise proper care, Plaintiffs were injured and sustained damages as described herein.

26. Defendants are liable to Plaintiffs under the doctrine of res ipsa loquitur as applied in Guam and the laws applicable to Guam.

27. Defendants' conduct causing the injuries and harm to Plaintiffs is a type that would normally not occur unless the Defendants were negligent.

28. The instrumentalities and conditions proximately causing the injuries and harm to Plaintiffs were in the Defendants' exclusive control at the time of the infliction of injuries and harm.

29. The factual circumstances afford sufficient evidence in the absence of explanation that the injuries and harm arose from the Defendants' want of ordinary care and that such negligence was the direct and proximate cause of the injuries and harm to Plaintiffs.

30. As a direct and proximate result of Defendants' negligence Plaintiffs have suffered damages in amounts subject to proof at trial.

## COUNT 3: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiffs incorporate by this reference all allegations contained in paragraphs 1 through 30, as though fully set forth here.

32. The conduct of the Defendants complained of herein created a foreseeable risk of physical, mental, and emotional injuries and harm to Plaintiffs.

33. The conduct of the Defendants complained of herein caused a threat of physical impact that led to Plaintiffs' emotional distress.

34. Additionally, and/or alternatively, Plaintiffs were in the zone of danger of impact.

35. Additionally, and/or alternatively, Plaintiffs and each of them are related to each other and each Plaintiff observed and/or perceived the injuries and harm suffered by each other Plaintiff.

36. Defendants should have realized that their conduct and/or omissions posed an unreasonable risk of causing distress that might result in illness or bodily harm.

37. As a direct and proximate result of the Defendants' conduct complained of herein, Plaintiffs have suffered physical and emotional injuries and harm.

38. Additionally, and/or alternatively, as a direct and proximate result of Defendants' conduct complained of herein, Plaintiffs have suffered severe shocks to their nervous systems causing physical symptoms, injuries and harm.

39. Plaintiffs have been damaged in amounts subject to proof at trial.

## COUNT 4: LOSS OF CONSORTIUM

40. Plaintiffs incorporate by this reference all allegations contained in paragraphs 1 though 39, as though fully set forth here.

41. As a direct and proximate result of the Defendants' conduct complained of herein, Plaintiff EUN HEE PARK has been deprived of love, companionship, care and or other pleasures and benefits of the husband-wife and/or marital relationship, resulting in damages in amounts subject to proof at trial.

## **COUNT 5: DIRECT ACTION AGAINST INSURERS**

42. Plaintiffs incorporate by this reference all allegations contained in paragraphs 1 through 41, as though fully set forth here.

43. INSURANCE DEFENDANTS DOES 1 though 5 are the insurers, providers of policies of insurance, and/or entities engaged in insurance-related businesses that had issued insurance coverage, policies of insurance, and/or other insurance related coverage to each and/or all of the Defendants which were in full force and effect at all pertinent times herein, specifically including but not limited to, April 22, 2018, covering the Defendants' conduct complained of herein that directly and proximately caused the injuries and harm to the Plaintiffs complained of herein.

44. As the insurers, providers of policies of insurance and/or as entities engaged in insurance-related businesses that had issued insurance coverage, policies of insurance, and/or other insurance related coverage to each and/or all of the Defendants, INSURANCE DEFENDANTS DOES 1 through 5 are liable to Plaintiffs for all injuries and harm complained of herein.

45. Plaintiffs have and hereby assert their rights of direct action against INSURANCE DEFENDANTS DOES 1 through 5 on any policy or policies of insurance issued to each and/or all of the Defendants which were in effect at all pertinent times herein, specifically including but not limited to, April 22, 2018, pursuant to, *inter alia*, 22 G.C.A. § 18305.

## COUNT 6: DIRECT ACTION AGAINST AGAINST PRINICPALS AND EMPLOYERS BASED UPON AGENCY LIABILITY, VICARIOUS LIABILITY AND/OR REPONDEAT SUPERIOR

46. Plaintiffs incorporate by this reference all allegations contained in paragraphs 1 through 45, as though fully set forth here.

47. Defendants, including the ONWARD DEFENDANTS, are the principals and/or employers of DOE Defendants 6-10, and/or of each other.

48. DOE Defendants 6-10, and/or the ONWARD DEFENDANTS, are the agents of other specific ONWARD DEFENDANTS and/or DOE Defendants and were acting within the scope of employment and/or the agency at the time they committed the conduct complained of herein.

49. In addition to being directly liable to Plaintiffs, DOE Defendants 6-10, and/or specific ONWARD DEFENDANTS, are also vicariously liable to Plaintiffs under theories of respondeat superior and other agency theories.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of six (6) persons on all issues that may be tried as a matter of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendants, jointly and severally, as follows:

1. From each and every Defendant, general, special, compensatory, economic, and all other damages legally available including but not limited to physical, mental and emotional pain and suffering damages.

2. For past, present, and future medical damages in amounts subject to proof at trial;

3. For economic damages in amounts subject to proof at trial;

4. For non-economic damages in amounts subject to proof at trial;

5. For all damages to each Plaintiff for each injury in amounts subject to proof at trial;

6. For Plaintiffs' costs of suit; and,

7. For such other and further relief deemed by the Court to be just and proper.

Respectfully submitted this 14th day of April, 2020.

**LAW OFFICE OF PETER C. PEREZ**

By: _____/s/_____
**PETER C. PEREZ, ESQ.**
*Co-Counsel for Plaintiffs*